OPINION
{¶ 1} Defendant-appellant David Swayze appeals from a judgment rendered against him and in favor of plaintiff-appellee Talmadge Davison, Jr. Swayze contends that the trial court erred by rejecting his claim of adverse possession, by deciding to credit the testimony of a surveyor who testified in Davison's favor concerning the location of the property line between the parties, and by concluding that Davison cannot build or repair a suitable driveway on his property without removing a tree straddling the property line.
 {¶ 2} We conclude that the evidence in the record permits the trial court to find, as it did, that Swayze failed to establish that he and his predecessors in title had openly, notoriously and adversely used his property for 21 years either before the United States of America acquired title to the neighboring property in 1985, or after the United States of America conveyed title to Davison's father, who subsequently conveyed the title to him. We further conclude that the trial court's decision to credit the testimony of Davison's surveyor is not against the manifest weight of the evidence. Finally, we conclude that there is evidence in the record to support the trial court's conclusion that Davison cannot build or repair a suitable driveway on his property without removing a tree straddling the property line. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 3} Davison and Swayze own adjacent parcels of residential property. As of the time of the hearing in the trial court, neither Davison nor Swayze resided upon their respective properties, although Swayze indicated his intent to do so in the near future. Swayze's mother acquired Swayze's parcel in 1967. Swayze subsequently acquired the property from his mother. Davison's parcel was acquired by the United States of America Veterans Administration in 1985. Later that year, the parcel was sold to Davison's father. Still later, Davison acquired the parcel from his father.
 {¶ 4} Davison testified that shortly after his father acquired the property in 1985, Swayze offered to purchase a two-foot strip from the Davison property, but the offer was rejected. Although Swayze never admitted this, he also never specifically denied it in his testimony.
 {¶ 5} The present controversy appears to have had its origin in 1998, when Davison told Swayze that Davison wanted to put in a new driveway, the existing driveway being in a state of disrepair, and wanted to take out a tree that was on the property line between the two properties. Davison testified that Swayze initially refused to allow Davison to chop down the tree, but later relented, and gave permission. Davison testified that when he told Swayze he had found someone to chop down the tree, Swayze then said he would not permit the tree to be removed. As a result of this, Davison began to be interested in determining where the property line was, in relation to a concrete sidewalk or walkway that ran alongside Swayze's house, on the side nearest Davison's property. Davison ultimately retained the services of William C. Petkewicz, a professional surveyor, and partner in North, Fleet, Brown and Petkewicz, a civil engineering and surveying firm.
 {¶ 6} For his part, Swayze obtained a survey from Shaw, Weiss, and DeNaples, and another survey from Christopher Harmon. Upon cross-examination, Swayze acknowledged that he had hired two other surveying firms. One of these was B.C.R. Swayze became dissatisfied with B.C.R., and they parted ways, with the representative from B.C.R. telling Swayze, "you haven't done anything but tried to influence me ever since I met you." Swayze also consulted John Judge, but when Judge told Swayze, "we feel that these old pipes in the ground are probably right," and advised Swayze to "let the man put his concrete . . . driveway in," Swayze and Judge came to a parting of the ways.
 {¶ 7} Swayze also rented some surveying equipment and performed his own survey, but there is no evidence establishing Swayze's professional qualifications as a surveyor.
 {¶ 8} Petkewicz testified on behalf of Davison. The two surveys commissioned by Swayze were admitted in evidence, without objection, but there was no testimony authenticating the manner in which they were performed.
 {¶ 9} Davison brought this action for ejectment, trespass, fraud, damages and declaratory judgment. Essentially, Davison claimed that Swayze's concrete walkway encroaches upon his property, sought an order for its removal, and also sought a declaration that he may remove the tree straddling the property line, at his own expense. Davison also sought compensatory and punitive damages.
 {¶ 10} Swayze counterclaimed, seeking a determination that Davison's property is a nuisance, and that, even if the property line is deemed to be located as Davison contends, which Swayze denies, Swayze has title to the area covered by the concrete walkway by virtue of adverse possession.
 {¶ 11} Mediation was unsuccessfully attempted, and this matter was heard before a magistrate. The magistrate rendered a decision in Davison's favor on the issue of the location of the property line, and ordered the removal of the offending concrete walkway. The magistrate also found in Davison's favor on Swayze's claim for adverse possession and nuisance, and in Swayze's favor upon Davison's claims for adverse possession, fraud and trespass. Swayze filed objections to the magistrate's decisions. The trial court overruled these objections, and rendered judgment accordingly. From the judgment of the trial court, Swayze appeals.
 II {¶ 12} Swayze's First Assignment of Error is as follows:
 {¶ 13} "In the magistrate's decision (Oct. 18, 2001), pg. 10, 3) In judgment dismissing defendant's claim for adverse possession as nuisance, the magistrate's action constituted reversible error. In magistrate's decision on page 7 the second paragraph she stated:
 {¶ 14} "The magistrate also finds that the defendant's claim for adverse possession lacks merit.
 {¶ 15} "On following page 8 magistrate said in middle of paragraph 2. Although the parties did not submit into evidence any document which reveals when the veteran's administration acquired title to plaintiff's property.
 {¶ 16} "The entire record, testimony and exhibits shows that the plaintiff never showed any evidence of veterans administration having title to plaintiff's property prior to plaintiff's ownership. Deeds such as quit claim deeds can be given by anyone who might have an interest to clear a possible cloud on title."
 {¶ 17} Essentially, Swayze contends that the magistrate erred when she found against him on his claim of adverse possession.
 {¶ 18} The magistrate noted that a claim of adverse possession cannot run against the State or the federal government, citing Haynes v.Jones (1915), 91 Ohio St. 197, 203, and Lindsey v. Lessee of Miller
(1832), 31 U.S. 666. The magistrate concluded that Swayze, who had the burden of proof on this issue, had only succeeded in establishing "that the sidewalk was in its present location since 1967." The magistrate noted that the United States of America acquired title to the property some time in 1985, so that Swayze and his predecessors in title could not have obtained title by virtue of adverse possession before that claim was cut off by virtue of the ownership of the adjacent property by the United States of America. The magistrate noted that after the United States of America conveyed title to Davison's father, also in 1985, 21 years had not yet run as of the date of the hearing.
 {¶ 19} Swayze contends that the magistrate erred by failing to find that he had established adverse possession prior to 1967. Based upon our review of the evidence in the record, we disagree.
 {¶ 20} Swayze did testify that there had been a walkway "there" when he was 10 years old, which would have been in 1953. He also testified that the walkway "previous" to a repair or replacement of the walkway in 1973 or 1974 was six inches wider than the new one. However, he did not testify concerning the particular location of the walkway before it was repaired or replaced in 1973 or 1974. And, although he testified that "the previous" walkway was six inches wider than the walkway that resulted from the repair or replacement in 1973 or 1974, he never testified that that previous walkway had been in existence, unchanged in either its dimensions or location, since any particular date prior to 1967. Accordingly, upon the state of this record, we conclude that the trial court could properly find, as it did, that Swayze had failed to establish the continuous existence of an encroaching sidewalk or walkway for 21 years or more before the United States of America acquired title to the adjacent property in 1985.
 {¶ 21} Swayze's First Assignment of Error is overruled.
 III {¶ 22} Swayze's Second Assignment of Error is as follows:
 {¶ 23} "In the magistrate's decision pg. 5 at start of paragraph 2 magistrate stated:
 {¶ 24} "In this case magistrate finds that the only survey in evidence which was established as being done in accordance with industry standards is the survey conducted by Norfleet, Brown Petkewicz.
 {¶ 25} "Two surveys by Shaw, Weiss, Denaples, Oct 28 98 and May 25 99, along with a survey by Christopher Harmon dated May 14, 2001 and accompanying written surveyor's report were admitted in evidence being defendant's exhibits A, C and B respectively. A hand drawn survey by the defendant marked Ex F was also admitted.
 {¶ 26} "The Shaw and Harmon surveys were performed by licensed professional surveyors.
 {¶ 27} "The plaintiff did not object to the admission of the defendant's 3 surveys done by professional surveyors during the trial."
 {¶ 28} Essentially, Swayze is contending that the decision of the trial court to credit Davison's evidence on the issue of the proper location of the property line is an abuse of discretion and against the manifest weight of the evidence. Both parties submitted surveys, which were admitted in evidence without objection. As the magistrate notes in her decision, William Petkewicz, who performed the survey on Davison's behalf, testified concerning his methodology, and testified that he had conducted his survey in accordance with industry standards. There was testimony with respect to the surveys offered in Swayze's behalf that they were conducted in accordance with industry standards. Swayze, himself, conducted a survey, but there was no evidence that Swayze possesses surveying credentials or skills.
 {¶ 29} In short, there was conflicting evidence on the issue of the location of the property line. We have reviewed the entire transcript of the trial, and we conclude that the evidence submitted in Davison's behalf is not inherently incredible, and the trial court's decision to credit that evidence is neither against the manifest weight of the evidence, nor an abuse of discretion. Swayze's Second Assignment of Error is overruled.
 IV {¶ 30} Swayze's Third Assignment of Error is as follows:
 {¶ 31} "In the magistrate's decision pg 6 in middle of first paragraph magistrate suggests:
 {¶ 32} "There is evidence to suggest that without the removal of the tree the plaintiff cannot build or repair a suitable driveway on his property.
 {¶ 33} "The magistrate is deciding a major issue in the case on matters based on suggestions not proven facts or law."
 {¶ 34} Davison testified that regardless of which property line is deemed to be correct, the large, 40-foot-high tree between the properties is on both properties, and this fact is apparent from several of the photographs and other exhibits that were admitted in evidence. Davison testified that the tree's roots "had destroyed my driveway." This testimony was not contradicted or rebutted by Swayze. Although both the magistrate and the trial court framed their findings on this point as "there is evidence to suggest that without the removal of the tree, [Davison] cannot build or repair a suitable driveway on his property, as there is clearly no remaining room for building a driveway elsewhere on the property," (emphasis added) it is clear that both the magistrate and the trial court found that Davison could not build or repair his driveway without the removal of the tree, and there is evidence in the record to support that finding.
 {¶ 35} Swayze's Third Assignment of Error is overruled.
 V {¶ 36} All of Swayze's assignments of error having been overruled, the judgment of the trial court is Affirmed.
GRADY and YOUNG, JJ., concur.